IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL HORSLEY,

        Petitioner,

v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 05-1034-BR

OPINION AND ORDER

**MARK BENNETT WEINTRAUB**
Assistant Federal Public Defender
151 West Seventh Avenue
Suite 510
Eugene, OR  97401

    Attorney for Petitioner

**JOHN R. KROGER**
Attorney General
**JACQUELINE SADKER**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

## BACKGROUND

On September 27, 1997, Petitioner walked up to the front counter of the Ainsworth Pharmacy, pointed a gun at store-clerk Joyce Jefferson, and demanded money. Ms. Jefferson replied, "Mister, I have no damn money to give you, I just got over breast cancer and six months of chemo," and walked away from the cash register.

Micaela Kennedy, another employee, thought Ms. Jefferson was suffering a seizure and went over to help. Ms. Jefferson told Ms. Kennedy, "this man wants your money." Petitioner confirmed that he wanted the money, so Ms. Kennedy pushed "no sale" on the cash register and gave Petitioner all the money.

Before Petitioner first approached Ms. Jefferson at the cash register, customer Linda McGee, who had known Petitioner for several years, recognized him and said, "Hi, Little Mike," as she walked past him on her way to the back of the store. Another customer also identified Petitioner as the robber.

On January 26, 1998, a Multnomah County grand jury indicted Petitioner on two counts of Robbery in the First Degree for

2 - OPINION AND ORDER -

robbing Ms. Jefferson and Ms. Kennedy. Although Petitioner did not testify at the jury trial, he attempted to establish an alibi defense through his wife and a friend. The jury nonetheless convicted Petitioner on both charges. The trial judge sentenced Petitioner to 90 months of imprisonment on each conviction, to run consecutively.

Petitioner directly appealed on the grounds that the trial judge erred by giving the jury an "acquittal first" instruction. Petitioner based his claim on the Oregon Constitution and the Fourteenth Amendment's Due Process Clause of the United States Constitution. The Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review. *State v. Horsley*, 169 Or. App. 438, 8 P.3d 1021 (2000), *rev. denied*, 331 Or. 692, 26 P.3d 149 (2001).

Petitioner then filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Horsley v. Czerniak*, 198 Or. App. 285, 108 P.3d 1219, *rev. denied*, 338 Or. 488, 113 P.3d 434 (2005).

On July 5, 2005, Petitioner filed his habeas corpus petition in this Court. Petitioner now asserts two claims for relief: (1) his convictions are unlawful because appellate counsel on direct appeal performed ineffectively by failing to argue that the

3 - OPINION AND ORDER -

"acquittal first" jury instruction violated the U.S. Constitution's *Ex Post Facto* Clause; and (2) his sentences are unlawful because trial and appellate counsel performed ineffectively by failing to argue that Petitioner's sentences for two robbery counts should have merged under Oregon law.

Respondent argues the claim based upon appellate counsel's failure to argue for merged sentences is procedurally defaulted. Moreover, Respondent argues both of Petitioner's claims lack merit, and, accordingly, Petitioner he is not entitled to habeas corpus relief.

## DISCUSSION

### I.  Procedural Default

#### A.  Legal Standards

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 2975 (2005); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).

4 - OPINION AND ORDER -

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. *Coleman*, 501 U.S. at 729-30; *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir.), *cert. denied*, 540 U.S. 938 (2003).

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that the failure to consider the claims will result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

**B.   Analysis**

Respondent argues Petitioner procedurally defaulted his claim that counsel failed to argue his sentences should have been merged. Petitioner contends the claim was properly presented and

5 - OPINION AND ORDER -

exhausted or, in the alternative, that cause and prejudice excuse any procedural default.

In his formal state PCR petition, Petitioner alleged trial and appellate counsel provided constitutionally ineffective assistance of counsel when they failed to argue his two convictions should have been merged for sentencing purposes. The PCR trial judge denied relief. Petitioner asked his PCR appellate attorney to raise this issue on appeal, but counsel did not include it in her opening brief.

After the opening brief was filed, Petitioner persuaded his PCR appellate attorney the claim had merit. Counsel then filed a motion with the Oregon Court of Appeals seeking leave to file a supplemental brief addressing the issue. The state opposed the motion, citing Or. R. App. P. 5.45(1).[1] The Oregon Court of Appeals denied the motion to submit a supplemental brief and ultimately affirmed the PCR trial court decision without opinion.

Petitioner's ineffective assistance of counsel claim was not considered on the merits by the Oregon Court of Appeals. Instead,

---

[1] Pursuant to Or. R. App. P. 5.45(1), "no matter assigned as error will be considered on appeal unless it was . . . *assigned as error in the party's opening brief*." (Emphasis added). Moreover, Or. R. App. P. 9.20(2) provides the Oregon Supreme Court's review is limited to only those questions that were "properly" before the Oregon Court of Appeals. *State v. Casterjon*, 317 Or. 202, 211, 856 P.2d 616 (1993).

6 - OPINION AND ORDER -

the claim was rejected pursuant to a state procedural rule.[2]

Counsel then included the merger claim in her Petition for Review to the Oregon Supreme Court. Under Or. R. App. P. 9.20(2), however, the Oregon Supreme Court's review is limited to only those questions that were "properly" before the Oregon Court of Appeals. *State v. Casterjon*, 370 Or. 202, 211, 856 P.2d 616 (1993). Thus, the Oregon Supreme Court denied review.

Petitioner nevertheless argues the merger claim could and should have been addressed by the Oregon Court of Appeals under an exception to Rule 5.45(1) whereby "the appellate court may consider an error of law apparent on the face of the record." This provision allows the Oregon Court of Appeals to consider errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991). The Oregon Court of Appeals made no indication that it applied the "plain error" exception in denying the motion to file a supplemental brief, nor should it have done so given the nature of the claim. Consequently, the Oregon Court of Appeals adequately rejected Petitioner's attempt to raise the claim using

---

[2]Petitioner does not challenge Respondent's characterization of Or. R. App. P. 5.45(1) as an "independent and adequate" state procedural rule. *See Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003) ("[o]nce the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner") (quoting *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003)).

7 - OPINION AND ORDER -

a state procedural bar.

Because the claim was never properly before the Oregon Court of Appeals, Petitioner's attempt to raise the claim in his Petition for Review to the Oregon Supreme Court was not a "fair presentation." *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (submitting a claim "to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation"). Accordingly, Petitioner procedurally defaulted this claim for relief.[3]

Petitioner also contends his PCR attorney's failure to include the claim in the opening brief constitutes "cause" excusing any procedural default. Because there is no constitutional right to counsel in post-conviction proceedings, however, post-conviction counsel's alleged error in failing to properly raise the merger issue in the Oregon Court of Appeals is not considered cause for the purpose of excusing a procedural

---

[3]Petitioner's attempt to rely on *Custer v. Hill*, 378 F.3d 968, 974 (9th Cir. 2004) and *Clemmons v. Delo*, 124 F.3d 944, 947-48 (8th Cir. 1997) in support of his argument he fairly presented the merger claim is unavailing. In *Clemmons*, the Eighth Circuit held the petitioner sufficiently presented his claims by filing supplemental *pro se* briefs in both the court of appeals and the state supreme court. In *Custer*, the Ninth Circuit held the failure to file a supplemental *pro se* brief in the Oregon Supreme Court, after a supplemental *pro se* brief was allowed by the Oregon Court of Appeals, was insufficient to exhaust the claim. Here, Petitioner made no effort to file a supplemental *pro se* brief in either court.

8 - OPINION AND ORDER -

default. *Coleman*, 501 U.S. at 757; *Custer*, 378 F.3d at 974.

In addition, Petitioner argues his procedural default should be excused because counsel did not act in furtherance of the litigation, thereby ceasing to act as Petitioner's agent. This argument, however, has been repeatedly rejected by the courts in this district. *See Powell v. Czerniak*, 2007 WL 539436 *1 (D. Or., Feb. 13, 2007) (collecting cases rejecting the "agent" argument). The Court adheres to the reasoning in those cases. Accordingly, the PCR attorney's failure to include the merger claim in the opening brief does not constitute "cause" excusing the procedural default, and Petitioner cannot obtain federal habeas corpus relief on the basis that his counsel provided constitutionally ineffective assistance of counsel on direct appeal.

## II. Relief on the Merits

### A. Legal Standards

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

9 - OPINION AND ORDER -

A state court's determination of a factual issue "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner carries the burden of rebutting this presumption of correctness by clear and convincing evidence. *Id*.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409.

A state court decision can be overturned for legal error only if the state court's application of Supreme Court case law was "objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001). Federal courts "may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

10 - OPINION AND ORDER -

### B.   Analysis

Petitioner alleges appellate counsel on direct appeal from his conviction performed ineffectively by failing to argue that the "acquittal first" jury instruction given at Petitioner's trial violated the *Ex Post Facto* Clause of the United States Constitution.  In order to prevail on his claim of ineffective assistance of counsel, Petitioner must show both (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The first part of this test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. While this burden is not insurmountable, there is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance."  *Id*. at 689.

To establish the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.   In determining whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine

11 - OPINION AND ORDER -

whether the "'result of the proceeding was fundamentally unfair or unreliable.'"  *United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir. 1994) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

At trial, the judge gave the jury a "first acquit" instruction based on Or. Rev. Stat. § 136.460(2), a statute which became effective several days after Petitioner's offense.  The instruction given provided:

> Now, the charged crimes of Robbery in the First Degree contain what are called lesser included offenses.  When you deliberate on the facts of the case, you should consider first the charged offense of Robbery in the First Degree.  If you find the defendant not guilty of the charged offense, then you may consider the lesser included offense, which is a crime called robbery in the second degree.

Trial Transcript, pp. 191-92.

Petitioner argues the law in place at the time of the offense required the trial judge to give the jury an "unable to agree" instruction, described by the Oregon Court of Appeals as follows:

> [I]t is proper for a court to instruct a jury they are first to consider the charge in the accusatory instrument and if they cannot agree upon a verdict in that charge they are to consider the lesser included offense.

*State v. Ogden*, 35 Or. App. 91, 98, 580 P.2d 1049 (1978).  Such an instruction, Petitioner argues, would have permitted the jury to consider the lesser included offense of robbery in the second degree without first acquitting Petitioner of robbery in the first

12 - OPINION AND ORDER -

degree.  According to Petitioner, the fact that jurors in Petitioner's case were required to first acquit, rather than simply find themselves unable to agree, made it less likely they would even reach the issue of the lesser-included offense, in violation of the *Ex Post Facto* Clause.

The Constitution prohibits states from passing any "*ex post facto* Law." U.S. Const., Art. I, § 10. A law is an *ex post facto* law if it meets two conditions. First, "it must apply to events occurring before its enactment." *Weaver v. Graham*, 450 U.S. 24, 29 (1981). "In other words, it must be retrospective." *Hunter v. Ayers*, 336 F.3d 1007, 1011 (9th Cir. 2003). Second, it must disadvantage the person affected by either altering the definition of criminal conduct or increasing the punishment for the crime. *Id.* (citations omitted).

An *ex post facto* violation occurs when a "statute . . . punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925)). In addition, "a law which 'alters the legal rules of evidence, and receives less, or different, testimony, than the law required at

13 - OPINION AND ORDER -

the time of the commission of the offence, in order to convict the offender' also violates the Clause." *Wilson v. Belleque*, 554 F.3d 816, 831 n. 4 (9th Cir. 2009), *pet'n for cert. filed* (quoting *Carmell v. Texas*, 529 U.S. 513, 534-35 (2000)).

The Ninth Circuit recently considered, albeit in *dicta*, whether an "acquittal first" jury instruction ran afoul of the *Ex Post Facto* Clause in *Wilson*. After reciting the categories of *ex post facto* violations set forth above, the court concluded "[t]he acquittal first instruction does not even arguably fall into any of these categories." *Wilson*, 554 F.3d at 831 n.4. This Court agrees. At most, the "acquittal first" instruction regulated the mode in which the facts constituting guilt were placed before the jury. *See Dobbert v. Florida*, 432 U.S. 282, 293 (1977) (there is no *ex post facto* violation if a new law merely changes "modes of procedure which do not affect matters of substance"). The instruction did not: (1) punish as a crime an act previously committed, which was innocent when done; (2) make more burdensome the punishment for Petitioner's crime, after its commission; (3) deprive Petitioner of any defense available according to law at the time his offense was committed; or (4) change the quantum of evidence necessary to sustain the jury's verdict.

Because the "acquittal first" instruction did not violate the *Ex Post Facto* Clause, inclusion of such a claim in Petitioner's

14 - OPINION AND ORDER -

direct appeal would not have changed the outcome of his case, a requisite to prevail on an ineffective assistance of counsel claim.  As such, the PCR court's denial of relief on this claim was not contrary to or an unreasonable application of *Strickland*, and Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this 15th day of June, 2009.

/s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER -                P:\Brown-LawClerks\05-1034horsley0609opin.wpd